AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

Americas Bulk Transport Ltd.

V.

IMT a/k/a IMT Dusseldorf a/k/a IMT Shipping & Chartering GmbH a/k/a Inter-Maritime Transp. GmbH a/k/a Inter-Maritime Transp. Ltd.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 6970



JUDGE HELLERSTEIN

TO: (Name and address of Defendant)

IMT a/k/a IMT Dusseldorf a/k/a IMT Shipping & Chartering GmbH a/k/a
Inter-Maritime Transp. GmbH a/k/a Inter-Maritime Transp. Ltd.
Furstenwall 146, D-40217
Dusseldorf, Germany

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Mahoney & Keane, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
(212) 385-1422

an answer to the complaint which is served on you with this summons, within ____twenty (20)____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                      AUG 0 5 2008
CLERK                                                    DATE

_Catherine Lapsley_

(By) DEPUTY CLERK

JUDGE HELLERSTEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AMERICAS BULK TRANSPORT LTD.,

        Plaintiff,

        -against-

IMT a/k/a IMT DUSSELDORF a/k/a
IMT SHIPPING & CHARTERING GmbH
a/k/a INTER-MARITIME TRANSPORTATION
GmbH a/k/a INTER-MARITIME
TRANSPORTATION, LTD.,

        Defendant.
------------------------------------X

08 Civ. _____

**VERIFIED COMPLAINT**



RECEIVED AUG 05 2008 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiff, AMERICAS BULK TRANSPORT LTD. ("Plaintiff" or "ABT"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Verified Complaint against Defendant, IMT a/k/a IMT DUSSELDORFF a/k/a IMT SHIPPING & CHARTERING GmbH a/k/a INTER-MARITIME TRANSPORTATION GmbH a/k/a INTER-MARITIME TRANSPORTATION, LTD. ("Defendant" or "IMT"), alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1333, as well as the Court's pendent, supplementary and ancillary jurisdiction.

    2.    Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country with a business address in Monrovia, Liberia.

3. Defendant, IMT, is a business entity organized and existing pursuant to the laws of a foreign country with an address at Furstenwall 146, D-40217 Dusseldorf, Germany.

4. Plaintiff, as disponent owner, and Defendant, as charterer, entered into a charter party, by fixture recap dated April 3, 2008, for one time charter trip of the M/V ENGIN KAPTANOGLU.

5. The rate of hire was based and contingent upon Defendant's representations the trip would be between two load ports in China and two discharge ports in Brazil, with the trip's overall duration thus expected to be approximately 70-80 days.

6. The vessel was delivered into the service of Defendant, accordingly.

7. The employment ordered by the Defendant exceeded what constitutes a "trip." Further, the Defendant had materially misrepresented its intentions for the vessel, and Defendant breached its contractual undertakings to Plaintiff, by exceeding what constitutes a "trip," by arranging for a load port rotation incorporating greater distances and ports than originally called for, and by employing the vessel in trading between more ports of loading and discharging, in both China and Brazil, in and out of geographical rotation.

8. As a consequence, Defendant is presently utilizing the vessel for a period of time far in excess of that which was contemplated by the charter party, all of which gives rise to a claim under English law for damages at prevailing charter hire

rates.

9. Defendant breached the parties' contract and wrongfully failed to pay to Plaintiff its damages, calculated by the difference between market and charter rates of hire from the time vessel should have been redelivered up to actual redelivery.

10. As a result of the foregoing, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the agreement between the parties and otherwise at law.

11. Defendant has also been unjustly enriched by its conduct as aforesaid, and plaintiff is entitled to the quantum meruit value of the vessel's service to defendant.

12. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreement.

13. Despite Plaintiff's demands, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreement.

14. Pursuant to the agreement, disputes are to be settled by arbitration in London, and Plaintiff will shortly commence arbitration with Defendant, accordingly.

15. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

16. As a result of Defendant's breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts by way of arbitral award:

| | |
|---|---|
| Principal Claim | $2,364,135.88 |
| Interest (for a period of 3 yrs at 8.0%) | $613,994.46 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $160,000.00 |
| **Total** | **$3,138,130.34** |

17. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

18. All conditions precedent required of Plaintiff in the aforesaid agreement have been performed.

19. Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank and/or UBS, which are believed to be due and owing to Plaintiff.

20. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the

Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by

any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$3,138,130.34** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

D. That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:   New York, New York
         August 5, 2008

>                                Respectfully submitted,
>
>                                MAHONEY & KEANE, LLP
>                                Attorneys for Plaintiff
>
>                         By:    _____
>                                Garth S. Wolfson (GW 7700)
>                                11 Hanover Square, Tenth Floor
>                                New York, New York 10005
>                                (212) 385-1422
>                                File No. 12/3629/B/08/7

<u>ATTORNEY VERIFICATION</u>

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

1. My name is GARTH S. WOLFSON.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, AMERICAS BULK TRANSPORT LTD., and I am fully authorized to make this Verification on their behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:   New York, New York
         August 5, 2008

_____
GARTH S. WOLFSON (GW 7700)

- 1 -